1

2

3

4

5

6 UNITED STATES DISTRICT COURT

7 FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9 DARLENE Y. SILVA,

Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,[1]

Defendant.

Case No.  1:21-cv-00045-JLT-BAM

**FINDINGS AND RECOMMENDATIONS
RECOMMENDING REMAND OF THIS
ACTION**

(Docs. 21, 24)

FOURTEEN-DAY DEADLINE

## **Findings and Recommendations**

## **INTRODUCTION**

Plaintiff Darlene Y. Silva ("Plaintiff") seeks judicial review of a final decision of the

Commissioner of Social Security ("Commissioner") denying her applications for disability insurance

benefits under Title II of the Social Security Act and for supplemental security income under Title

XVI of the Social Security Act.  The matter is currently before the Court on the parties' briefs, which

were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe for issuance of

findings and recommendations.

---

[1]     Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule
25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant
in this suit.

Having considered the briefing and record in this matter, the Court will recommend remand of this action for further proceedings pursuant to sentence six of 42 U.S.C. § 405(g).

### FACTS AND PRIOR PROCEEDINGS

Plaintiff protectively filed an application for supplemental security income on September 12, 2017, and an application for disability insurance benefits on September 13, 2017.  AR 321-23, 324-25.[2]  Plaintiff also filed an application for supplemental security income on February 23, 2018.  AR 326-30.   Plaintiff alleged that she became disabled on September 8, 2017, due to bulging discs, one herniated disc, osteoarthritis, bursitis in hips, social anxiety, "breakdown crying often," borderline diabetes, high blood pressure, fatty liver – possible cirrhosis, and gastritis.  AR 367-68.  Plaintiff's applications were denied initially and on reconsideration.  AR 211-16, 221-25.  Subsequently, Plaintiff requested a hearing before an ALJ.  At the hearing, Plaintiff amended her alleged onset date to January 1, 2020.  AR 77.  Following the hearing, ALJ Kathryn D. Burgchardt issued an order denying benefits on June 16, 2020.  AR 28-42, 70-108.  Thereafter, Plaintiff sought review of the decision, which the Appeals Counsel denied, making ALJ Burgchardt's decision the Commissioner's final decision.  AR 5-11.  This appeal followed.

#### Hearing Testimony

On December 4, 2019, ALJ Burgchardt held a prehearing conference by telephone, which was attended by Plaintiff's attorney, Rosemary Abarca, and an impartial vocational expert, Daniel Best.  AR 109-16.  At the conference, the ALJ identified Plaintiff as a 56-year-old individual, currently 58, with a tenth-grade education, and past work as a home attendant, bus driver, and housekeeping cleaner.  AR 112.  The ALJ asked the VE to assume a hypothetical individual with the same age, education, and past work experience as Plaintiff, who would require unskilled work (SVP 1 or 2) with routine tasks and simple decision making, and minimal to no direct contact with the public.  This individual could lift or carry up to 10 pounds frequently and 20 pounds occasionally, could stand or walk with normal breaks for a total of six hours in an eight-hour workday, and could sit with normal

---

[2]      References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

breaks for a total of more than six hours in an eight-hour workday.  This individual also could occasionally climb ramps or stairs, stoop, crouch, kneel and crawl, could only occasionally climb ladders, ropes, or scaffolds, and could frequently reach overhead bilaterally.  The VE testified that such an individual could return to Plaintiff's past work as housekeeping/cleaner.  AR 113-14.

Following a discussion with Plaintiff's counsel, the ALJ determined that the record needed to be developed with a full hearing.  AR 114-16.

On May 20, 2020, ALJ Burgchardt held a telephonic hearing.  AR 73.  Plaintiff appeared with her representative, Nicholas Martinez.  AR 31, 73.  Bruce Magnuson, an impartial vocational expert, also appeared and testified.  AR 76.  Plaintiff amended her alleged onset date to January 1, 2020, because of her earnings, substantial gainful activity, and additional medical evidence, including an EMG study showing bilateral carpal tunnel syndrome.  AR 76-77.

In response to questions from the ALJ, Plaintiff testified that she attended school through the tenth grade and never attained a GED.  She last worked in 2019 as a caregiver.  AR 79-80.

Plaintiff also testified that she lived in a house with her father, her daughter and two grandchildren, ages four and twenty-one.  AR 83.  Her 21-year-old granddaughter served as Plaintiff's caregiver and was being paid by the state.  Plaintiff qualified for in-home supportive services for four hours a day, five days a week, beginning in January 2020.  AR 84.

When asked about her daily activities, Plaintiff reported watching television, reading for short periods of time, and attending church twice a week for bible study.  She had a driver's license and would drive.  AR 86-88.  She did not do laundry or yardwork, shop, clean, cook, or wash dishes.  AR 94-96.

When asked about her past work, Plaintiff confirmed that she worked as a caregiver from 2007 through 2011, and then again in 2019.  AR 88-89, 91.  She also worked as a part-time housekeeper from 2011 to 2014.  AR 92.  Caregiving was the only full-time job she had worked in the last 15 years. AR 93.

In response to questions from her representative, Plaintiff testified that she stopped working as a caregiver due to physical limitations with her hip and shoulder.  She stopped taking opioid pain medications, was being weaned off of suboxone, and took aspirin and Tylenol, along with medication

for bipolar disorder.  Her medication for agoraphobia causes dizziness, fatigue and forgetfulness.  AR 97-99.

Plaintiff also confirmed her recent diagnosis of carpal tunnel with prescribed wrist braces.  She also has a cane, which she cannot use with her braces.  Her hips are bad because of bursitis, which affects her standing and walking.  She also has bursitis in her shoulders.  She can stand for about five minutes without her cane and can walk to the mailbox and back.  AR 99-101.

Following Plaintiff's testimony, the ALJ elicited testimony from the VE.  The VE classified Plaintiff's past work as home attendant.  AR 103.  The ALJ then asked the VE hypothetical questions.  For the first hypothetical, the ALJ asked the VE to assume an individual of claimant's age, education and past work experience.  This individual also would require work limited to routine, repetitive tasks and simple decision making and minimal to no direct contact with general public, but could superficially interact with co-workers and supervisors.  This individual could lift or carry up to 25 pounds frequently, 50 pounds occasionally, could stand or walk with normal breaks for a total of six hours in an eight-hour workday, and could sit with normal breaks for a total of more than six hours in an eight-hour workday.  This individual could perform pushing and pulling motions with the upper and lower extremities within the given weight restrictions.  This individual could occasionally climb ramps or stairs, stoop, crouch, kneel, and crawl, could occasionally climb ladders, ropes, or scaffolds, and could frequently reach overhead bilaterally.  AR 103-04.  The VE testified that this individual could not return to Plaintiff's past work, but there would be other work for such an individual at the medium level, such as kitchen helper, sandwich maker, and night cleaner.  AR 104.

For the second hypothetical, the ALJ asked the VE to assume an individual of claimant's age, education and past work experience.  This individual would have the same restrictions as in the first hypothetical, but could only lift or carry up to 10 pounds frequently and 20 pounds occasionally.  The VE testified that such an individual could not return to Plaintiff's past work.  If the ALJ adopted the second hypothetical, it would be a finding of disability under Rule 202.02.  AR 104-05.

In response to a question from Plaintiff's representative, the VE testified that if the individual in the first hypothetical was limited to frequent use of the bilateral upper extremities, then this would eliminate the sandwich maker and kitchen helper jobs.  The VE confirmed that there would be some

unskilled medium work that would remain with frequent use of the bilateral upper extremities.  AR 106.

### Medical Record

The relevant medical record was reviewed by the Court and will be referenced below as necessary to this Court's decision.

### The ALJ's Decision

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act from January 1, 2020, her amended alleged onset date, through the date of the decision, June 16, 2020.  AR 31-42.  Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 2020, her alleged onset date.  AR 33-34.  The ALJ identified the following severe impairments:  degenerative disc disease, bursitis in the hips, osteoarthritis in the hands, feet, and shoulders, carpal tunnel syndrome, depression, and anxiety.  AR 34.  The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments.  AR 34-36.

Based on a review of the entire record, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform medium work, except she required work "that would require routine repetitive tasks and simple decision making."  AR 36.  She would require minimal to no direct contact with the general public but would be able to superficially interact with coworkers and supervisors.  She could only lift or carry up to twenty-five pounds frequently and fifty pounds occasionally.  She could stand or walk (with normal breaks) for a total of six hours in an eight-hour workday and sit (with normal breaks) for a total of more than six hours in an eight-hour workday.  She could perform pushing and pulling motions with her upper and lower extremities within the given weight restrictions.  She "could perform postural activities occasionally, and those would be climbing ramps or stairs, stooping, crouching, kneeling, and crawling."  AR 36-37.  She could occasionally climb ladders, ropes, or scaffolds.  Overhead reaching bilaterally would be limited to only frequent. AR 37-40.  With this RFC, the ALJ found that Plaintiff could not perform any past relevant work, but there were jobs in the national economy that Plaintiff could perform, such as kitchen helper, sandwich

maker, and night cleaner.  AR 40-41.  The ALJ therefore concluded that Plaintiff had not been under a disability from January 1, 2020, through the date of the decision.  AR 42.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act.  In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975).  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.  The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion.  *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).  In weighing the evidence and making findings, the Commissioner must apply the proper legal standards.  *E.g.*, *Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988).  This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence.  *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 1382c(a)(3)(A).  A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).  The burden is on the claimant to establish disability.  *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## DISCUSSION[3]

Plaintiff primarily argues that remand for calculation of benefits is warranted because she "filed a subsequent claim for disability benefits that was approved as of the day after the ALJ's decision."[4]  (Doc. 21 at 5.)  The Court construes Plaintiff's argument as a motion to remand under 42 U.S.C. § 405(g), sentence six.

Sentence six of 42 U.S.C. § 405(g) provides, in part, that the Court may "at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ." 42 U.S.C. § 405(g). The Ninth Circuit has held that a sentence six remand is appropriate "where a subsequent, approved disability application had an onset date that was close in time to the denial under review and where it was unclear from the record whether the two decisions were reconcilable." *Nguyen v. Comm'r of Soc. Sec. Admin.*, 489 F. App'x. 209, 210 (9th Cir. Dec. 28, 2012) (unpublished) (citing *Luna v. Astrue*, 623 F.3d 1032, 1034-35 (9th Cir. 2010)).

Plaintiff's argument for remand is predicated on the Ninth Circuit's decision in *Luna*, 623 F.3d 1032.  In *Luna*, the claimant applied for disability insurance benefits and supplemental security income, and her applications were denied after an ALJ found she was not disabled.  She subsequently filed a second application for disability benefits, which was successful, and the Commissioner identified her disability onset date as the day after her first application was denied. 623 F.3d at 1033. Indeed, "there was only one day between the denial of Luna's first application and the disability onset date specified in the award for her successful second application." *Id.* at 1035. The Ninth Circuit found remand pursuant to sentence six appropriate because it could not "conclude based on the record ... whether the decisions concerning [the claimant] were reconcilable or inconsistent." *Id.* The Ninth

---

[3]   The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits.  Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

[4]   Although Plaintiff has provided no evidence to support or otherwise verify her assertion that she filed a subsequent claim for disability that was approved as of the day after the ALJ's decision, the Commissioner has not denied or disputed Plaintiff's assertion.

Circuit explained: "The 'reasonable possibility' that the subsequent grant of benefits was based on new evidence not considered by the ALJ as part of the first application indicates that further consideration of the factual issues is appropriate to determine whether the outcome of the first application should be different." *Id.*

In this case, the parties disagree as to the import of the *Luna* decision.  The Commissioner argues *Luna* is distinguishable because, in that case, the agency agreed to voluntary remand and the only dispute between the parties related to the terms of the remand.  (Doc. 24 at 10-11.)  While the Commissioner correctly notes that the dispute concerned the terms of remand, the Ninth Circuit's analysis in *Luna* did not turn on the agency's agreement to remand.  Rather, the Ninth Circuit based its reasoning on sentence six of 42 U.S.C. § 405(g). *Luna*, 623 F.3d at 1034.  The Ninth Circuit expressly agreed with the lower court's holding that "the finding of disability based on Luna's second benefits application was new and material evidence warranting remand for further factual consideration because it commenced at or near the time Luna was found not disabled based on the first application." *Luna*, 623 F.3d at 1035.

The Commissioner also contends that "interpreting *Luna* as permitting *per se* remand would produce an absurd result not statutorily permitted" because the burden is on Plaintiff to establish disability.  (Doc. 24 at 12-13.)  The Commissioner suggests that "[a]llowing Plaintiff simply to mention in her brief that there was a subsequent award, without providing anything further absolves Plaintiff of these burdens of proof" and encourages a plaintiff to provide the federal court with as little information and evidence as possible.  (*Id.* at 13.)  This argument is not persuasive as Plaintiff is not guaranteed any particular result on remand.  *Cf. Walters v. Colvin*, 213 F. Supp. 3d 1223, 1228 (N.D. Cal. 2016) (rejecting Commissioner's argument that ordering remand would produce an absurd result or provide incentive for a plaintiff to withhold information; noting purpose of remand is to see if the different results can be reconciled).

Here, the Court cannot conclude based on the record before it whether the two decisions are reconcilable or inconsistent.  There is only one day separating the ALJ's decision and the approval of her subsequent claim for disability benefits.  Given the lack of information concerning the second application, the Court cannot determine if the second application involved different medical evidence

8

or if there was some other reason for the change.  This is compounded because, at the administrative hearing held on May 20, 2020, Plaintiff amended her alleged onset date to January 1, 2020.

As the Court is unable to determine based upon the record whether the decisions on Plaintiff's applications for benefits are "reconcilable or inconsistent," the Court finds that a remand of the matter for further consideration, not the award of benefits, pursuant to sentence six of 42 U.S.C. § 405(g) is appropriate.  *See, e.g., Luna*, 623 F.3d at 1035; *Nguyen*, 489 F. App'x. at 210; *Hoover v. Colvin*, No. 1:13-CV-00333-JLT, 2014 WL 4186552, at *3-4 (E.D. Cal. Aug. 21, 2014) (remanding action pursuant to sentence six to resolve conflict between denial of first application for benefits and the granting of the second application, where "Commissioner found Plaintiff disabled as of May 25, 2012, while the ALJ determined Plaintiff was not disabled through May 24, 2012"); *Gazzano v. Colvin*, No. 2:11-cv-0868 DAD, 2013 WL 856671, at *2 (E.D. Cal. Mar.6, 2013) (remanding the action pursuant to sentence six where "[o]nly one day separate[d] the denial of plaintiff's first application for benefits and the disability onset date specified in the award on [the] successful second application.").

## CONCLUSION AND RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that this matter be remanded for further proceedings pursuant to sentence six of 42 U.S.C. § 405(g).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**January 17, 2023**__          ___/s/ Barbara A. McAuliffe___

UNITED STATES MAGISTRATE JUDGE