UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARLENE Y. SILVA, | Case No.: 1:21-cv-0045 – JLT |
| Plaintiff, | ORDER REOPENING THE MATTER |
| v. | ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF DARLENE SILVA AND AGAINST DEFENDANT MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY |
| MARTIN O'MALLEY, Commissioner of Social Security[1], | |
| Defendant. | |

Darlene Silva sought judicial review of the administrative decision to deny her application for social security benefits. (*See* Doc. 1.) The Court remanded the action for further proceedings pursuant to sentence six of 42 U.S.C. § 405(g), due to a lack of information concerning Plaintiff's second application for benefits. (Doc. 27.)

Importantly, a sentence six remand "is always interlocutory and never a 'final' judgment." *Carrol v. Sullivan*, 802 F. Supp. 295, 300 (C.D. Cal. 1992). Therefore, in a sentence-six remand case, the Court retains jurisdiction following the remand for further proceedings. *See Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (district court retains jurisdiction over Social Security cases remanded under sentence six of 42 U.S.C. § 405(g)). Thus, the Court retained jurisdiction in this action, which must return to the Court following completion of the administrative proceedings for

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Martin O'Malley is substituted as the defendant in this case.

1

final judgement to entered, or for the action to be dismissed. *Id.*; *see also Shalala v. Schaefer*, 509 U.S. 292, 298-300 (1993).

The parties report that following the Court's remand, "the Commissioner, through the Appeals Council, issued a fully favorable decision, dated July 22, 2023, finding Plaintiff disabled within the meaning of the Act." (Doc. 28 at 2; *see also* Doc. 29-1 at 3, 9-13.) Therefore, the parties stipulated that the action be re-opened and agree that "judgment [should] be entered for Plaintiff." (Doc. 12 at 3.) Because the administrative proceedings were resolved in favor of Plaintiff, it is appropriate for the Court to re-open the matter and enter judgment in favor of Plaintiff, as requested by the parties. *See Melkonyan*, 501 U.S. at 98. Accordingly, the Court **ORDERS**:

1. The joint request to re-open the matter (Doc. 28) is **GRANTED**.
2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Plaintiff Darlene Silva and against Defendant, Martin O'Malley, Commissioner of Social Security.

IT IS SO ORDERED.

Dated: __August 9, 2024__                    _____
                                                                  UNITED STATES DISTRICT JUDGE